**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MITCHELL LELAND WYLE,

Plaintiff-Appellant,

v.

SKIWATCH CONDOMINIUM
CORPORATION, A COLORADO
CORPORATION; SKIWATCH
CONDOMINIUM ASSOCIATION;
ERIC AND RUTH ODENS;
AND ROMAN AND OLHA
NOWAKIWSKY,

Defendants-Appellees.

No. 04-1545
(D.C. No. 02-B-729 (CBS))
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Mitchell Leland Wyle, an attorney proceeding pro se, appeals from the district court's order granting defendants' summary judgment motions and denying Mr. Wyle's motions for summary judgment and judgment on the pleadings. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court detailed the facts of this case and we restate them here only as is necessary to our disposition. On April 15, 2000, a fire broke out in an electrical closet at the Skiwatch condominium complex in Breckenridge, Colorado.[1] At that time, Mr. Wyle was sleeping in a Skiwatch condominium he had rented for his vacation in Breckenridge. He allegedly suffered various injuries as a result of the fire. Invoking diversity jurisdiction, Mr. Wyle filed suit for negligence and breach of contract against the Skiwatch Condominium Corporation and Skiwatch Condominium Association (Skiwatch), Eric and Ruth Odens, and Roman and Olha Nowakiwsky.

The district court concluded that Colorado's premises liability statute, Colo. Rev. Stat. § 13-21-115, is the exclusive remedy against a landowner in Colorado for injuries occurring on the landowner's property. Finding each of the defendants to be landowners, the district court next concluded that Mr. Wyle's "breach-of-contract claim is obviated by the exclusivity of the premises-liability statute." Aplees. Jt. Supp. App. at 11. After thoroughly considering the

---

[1] We note that the district court made a typographical error in the order appealed from when it, on several occasions, stated the fire occurred on April 11, 2000.

evidence, the district court granted defendants' summary judgment motions, holding that Mr. Wyle failed to demonstrate a material factual controversy existed regarding defendants' alleged knowledge of the condition of the electrical system that resulted in the fire. The district court also denied Mr. Wyle's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings as to defendants Eric and Ruth Odens. This appeal followed.

Colorado's substantive tort law governs this diversity action, but we follow "federal law in determining the propriety of the district court's grant of summary judgment." *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016 (10th Cir. 2001). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(c). Where, as here, the district court ruled on cross-motions for summary judgment, we review its order de novo, "constru[ing] all factual inferences in favor of the party against whom summary judgment was obtained." *NISH v. Rumsfeld*, 348 F.3d 1263, 1266 (10th Cir. 2003). We also review de novo the district court's denial of a Rule 12(c) motion, accepting all well-pleaded allegations in the complaint as true, and construing them in the light most favorable to the plaintiff. *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

Mr. Wyle identifies five issues on appeal. First, he contends *Vigil v. Franklin*, 103 P.3d 322 (Colo. 2004), precludes the entry of summary judgment in

premises liability cases. We disagree. Contrary to Mr. Wyle's position, we do not think the Colorado Supreme Court eliminated or intended to eliminate summary judgment practice by stating in *Vigil*, "the only issue of law to be determined by the court [under § 13-21-115] is the classification of the injured plaintiff; liability and damages are questions of fact to be determined by the finder of fact," 103 P.3d at 328. Indeed, since *Vigil*, the Colorado Court of Appeals has affirmed the entry of summary judgment in at least one premises liability case. *Wilson v. Marchiondo*, 124 P.3d 837, 841-42 (Colo. Ct. App. 2005) (holding landlord who lacked actual knowledge of dog's allegedly vicious nature, prior to entering into lease agreement, owed victim of dog bite no duty of care under premises liability statute), *cert. denied*, 2005 WL 3764931 (Colo. Dec. 19, 2005).

Second, Mr. Wyle takes issue with the district court's dismissal of his breach-of-contract claim. He asserts the court erroneously: found no contract existed, held Colorado's premises liability statute precluded breach-of-contract actions, and failed to grant Mr. Wyle summary judgment on his breach-of-contract claim. Mr. Wyle's breach-of-contract arguments are misplaced. Whether a contract existed and whether a defendant or defendants breached that contract (if one existed) is immaterial because–as the district court correctly concluded–Colorado's premises liability statute provides the exclusive remedy against a landowner for injuries sustained on the landowner's property.

-4-

*Vigil*, 103 P.3d at 331; *see Wilson*, 124 P.3d at 842 ("[b]ecause the premises liability statute is the exclusive remedy under which plaintiffs may recover, we need not address plaintiffs' other theories of liability" strict liability and civil conspiracy); *Sweeney v. United Artists Theater Circuit, Inc.*, 119 P.3d 538, 540-41 (Colo. Ct. App. 2005) (observing exclusivity of premises liability statute and affirming dismissal of plaintiff's claims for breach of contract and negligent breach of contract), *cert. denied*, 2005 WL 2181649 (Colo. Sept. 12, 2005).

Third, Mr. Wyle asserts the district court erroneously ignored his "proof" that the defendants had both actual and constructive knowledge of the dangers to which they were subjecting their tenants. Aplt. Opening Br. at 32. We are not persuaded. Having carefully considered the briefs, the record, and the applicable law, we concur with the district court's conclusion that

> no reasonable jury could find [the defendants] had actual or constructive knowledge of the condition of the electrical system generally, or of the electrical box with the smashed copper pipe in place of a fuse that resulted in the April 15, 2000 fire . . . . Consequently, [they] could not be found to have breached any duty to use reasonable care to protect against such a danger.

Aplees. Jt. Supp. App. at 14-15.

Fourth, Mr. Wyle asserts the district court erroneously denied his Rule 12(c) motion for judgment on the pleadings because the Odens did not respond to his summary judgment motion "within 20 days," as required by D. Colo. Civ. R.

56.1(A).[2] In Mr. Wyle's view, the Odens's failure to respond obligated the district court to grant his Rule 12(c) motion. Mr. Wyle is mistaken. A party's failure to respond to a summary judgment motion is not a legally sufficient basis on which to enter judgment against that party. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). The district court must also examine the moving party's submission to "determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Id.* at 1195. In this case, Mr. Wyle did not meet his initial burden; accordingly, judgment in his favor was not appropriate and we therefore see no error in the district court's denial of Mr. Wyle's Rule 12(c) motion. *See id.*

Lastly, Mr. Wyle argues the district court judge should have disqualified himself pursuant to 28 U.S.C. § 455. Mr. Wyle also suggests the district court judge's "adverse appearances inextricably attach to" the magistrate judge, and he too should have disqualified himself. Aplt. Opening Br. at 51. Based on our review of the record, however, there is no merit to Mr. Wyle's judicial partiality argument.

---

[2] Mr. Wyle also contends the Odens were at fault for not timely responding to his Rule 12(c) motion. But, significantly, the district court in this case entered judgment for defendants before the Odens's response to Mr. Wyle's Rule 12(c) motion was even due.

The judgment of the district court is AFFIRMED.  All pending motions are
DENIED.

Entered for the Court

John C. Porfilio
Circuit Judge